Case Number: KC-2023-0503
Filed in Kent County Superior Court
Submitted: 7/25/2023 6:34 AM
Envelope: 4204473
Reviewer: Patrick K

# EXHIBIT A

Case Number: KC-2023-0503
Filed in Kent County Superior Court
Submitted: 7/25/2023 8:34 AM
Envelope: 4204473
Reviewer: Patrick K

Case 1:23-cv-00308-MSM-PAS Document 1 Filed 07/20/23 Page 2 of 8 PageID #: 42

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

GREENWICH BUSINESS CAPITAL,
LLC

      *Plaintiff,*

v.

BANK OF AMERICA, N.A.

      *Defendant.*

Case No. 23-308

Removed from the Superior Court
of the State of Rhode Island, Kent County
Index No. KC-2023-0503

**NOTICE OF REMOVAL**

**TO THE CLERK OF THE COURT:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant
Bank of America, N.A. ("BOA"), by and through its undersigned attorneys, submits this Notice of
Removal from the Superior Court of the State of Rhode Island, Kent County, to the United States
District Court for the District of Rhode Island on the grounds that this Court has jurisdiction over
this civil action pursuant to 28 U.S.C. § 1332(a), 28 U.S.C. § 1441, and all other applicable bases
for removal. BOA denies the allegations and damages claimed in the complaint in this action and
files this notice without waiving any defenses, exceptions, or obligations that may exist in its favor
in either state or federal court.

### BACKGROUND AND TIMELINESS OF REMOVAL

1.      On June 22, 2023, Plaintiff Greenwich Business Capital, LLC, formerly known as
Ponte Investments, LLC ("Plaintiff") filed a complaint in the Superior Court of Rhode Island,
County of Kent, bearing Index No. KC-2023-0503, entitled *Greenwich Business Capital LLC v.
Bank of America, N.A.* Plaintiff brings causes of action for declaratory judgment, negligence, and
breach of fiduciary duty.

Case Number: KC-2023-0503
Filed in Kent County Superior Court
Submitted: 7/25/2023 5:34 AM
Envelope: 4204473
Reviewer: Patrick K

Case 1:23-cv-00308-MSM-PAS Document 1 Filed 07/20/23 Page 3 of 8 PageID #: 43

2.   BOA received a copy of the state court civil cover sheet and complaint on June 22, 2023. A true and correct copy of the state court civil cover sheet and complaint, all filings in the state court as of today's date, and "all process, pleadings and orders served upon" BOA to date while this action was pending in the Superior Court of the State of Rhode Island, County of Kent, are attached hereto as Exhibit A in accordance with 28 U.S.C. § 1446(a).

3.   BOA has no information that any other persons or entities have or will be named as defendants in this action.

4.   On June 29, 2023, BOA returned an executed Waiver of Service of Summons form to counsel for Plaintiff, pursuant to Rule 4 of the Rhode Island Superior Court Rules of Civil Procedure, reserving all rights, defenses, and objections aside from those based upon a defect in the summons or in the service of summons.

5.   BOA has not filed a responsive pleading in the state court action, and the deadline to do so has not yet passed.

6.   This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty days after BOA received a copy of the state court civil cover sheet and complaint on June 22, 2023.

### VENUE

7.   The Superior Court of Rhode Island, County of Kent is located within the United States District Court of Rhode Island. This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

## REMOVAL BASED ON DIVERSITY JURISDICTION

8.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff and BOA have complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a).

9.     Plaintiff is "a duly organized and existing Rhode Island limited liability company, having a principal place of business located at 1300 Division Road, Suite 305, West Warwick, Rhode Island, 02893." Compl. ¶ 2. Plaintiff's complaint states that the "Sole Member/Manager" of Plaintiff is John C. Ponte ("Mr. Ponte"). *Id.* at ¶ 6. Upon information and belief based on a review of Plaintiff's publicly-available business records and information related to Mr. Ponte, Mr. Ponte is a citizen of Rhode Island. Therefore, for purposes of jurisdiction pursuant to 28 U.S.C. § 1332(a), Plaintiff is a citizen of Rhode Island. *See* 28 U.S.C. § 1332(a); *BRT Mgmt. LLC v. Malden Storage LLC*, 68 F.4th 691, 696 (1st Cir. 2023) ("It is clear in this circuit that an LLC . . . takes the citizenship of all of its members."); *Emigrant Residential LLC v. Pinti*, 37 F.4th 717, 723 n.3 (1st Cir. 2022) (holding "[t]he citizenship of [the plaintiff], like that of any other limited liability company, is determined by the citizenship of its members.").

10.     BOA is a nationally-chartered banking association with its main office located in North Carolina, pursuant to its articles of association. For purposes of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1348, BOA is a citizen of North Carolina. *See* 28 U.S.C. § 1348; *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006) (holding that "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located"); *McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 212 (1st Cir. 2012) (holding "a national bank[] is a citizen of the state where it is 'located,' 28 U.S.C. § 1348; this is 'the State designated in its articles of association as its main office'" (quoting *Schmidt*, 546 U.S.

Case Number: KC-2023-0503
Filed in Kent County Superior Court
Submitted: 7/25/2023 8:34 AM
Envelope: 4204473
Reviewer: Patrick K
Case 1:23-cv-00308-MSM-PAS Document 1 Filed 07/24/23 Page 5 of 6 PageID #: 45

at 318)); *see, e.g., Pimental v. Select Portfolio Servicing, Inc.*, 483 F. Supp. 3d 141, 144 (D.R.I. 2020) (holding complete diversity existed between the plaintiff, a citizen of Rhode Island, and Deutsche Bank, whose main office is in California).

11.     Therefore, complete diversity of citizenship exists between Plaintiff, a citizen of Rhode Island, and BOA, a citizen of North Carolina.

12.     Plaintiff seeks damages in excess of $1,900,000, exclusive of interest and costs, exceeding the amount in controversy requirement of 28 U.S.C. § 1332(a). *See* Compl. ¶¶ 11-12, 15.

## NOTICE TO STATE COURT AND PLAINTIFF

13.     In accordance with 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of Rhode Island, Kent County and served upon all parties of record promptly after filing of this Notice of Removal. A copy of the Notice of Filing of Notice of Removal to Federal Court is attached hereto as Exhibit B.

14.     This action has not previously been removed to federal court.

15.     BOA files this Notice of Removal solely for the purpose of removing this instant action and does not waive, and specifically reserves, any and all defenses.

WHEREFORE, BOA removes the state court action from the Superior Court of the State of Rhode Island, Kent County to the United States District Court for the District of Rhode Island, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated: July 24, 2023
Boston, MA

/s/ Ryan M. Cunningham
Ryan M. Cunningham (R.I. Lic. # 9329)
rmc@fitchlp.com
FITCH LAW PARTNERS LLP
84 State Street
Boston, MA 02109
Phone: (617) 542-5542
Fax: (617) 542-1542

*Attorneys for Defendant, Bank of America, N.A.*

Jeffrey J. Chapman (*of counsel*)
Aaron F. Jaroff (*of counsel*)
MCGUIREWOODS LLP
1251 Avenue of the Americas, 20th Floor
New York, NY 10020-1104
(212) 548-2100
jchapman@mcguirewoods.com
ajaroff@mcguirewoods.com

*Attorneys for Defendant, Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 24, 2023, a copy of the foregoing Notice of Removal

and accompanying exhibits was served via first class mail, postage prepaid, on Plaintiff to the

following:

Christopher M. Mulhearn, Esq.
Law Office of Christopher M. Mulhearn, Inc.
1300 Division Road, Suite 304
West Warwick, RI 02893


/s/ Ryan M. Cunningham
Ryan M. Cunningham

Case Number: KC-2023-0503
Filed in Kent County Superior Court
Submitted: 6/28/2023 5:30 AM
Envelope: 4268448
Reviewer: Danielle K.

Case 1:23-cv-00300-JJM-PAS   Document 5   Filed 07/24/23   Page 8 of 51 PageID #: 48

STATE OF RHODE ISLAND         SUPERIOR COURT
KENT, SC.

|  |  |  |
|---|---|---|
| GREENWICH BUSINESS CAPITAL, LLC, | : | |
| | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | C.A. No.: KC 23- |
| BANK OF AMERICA, N.A., | : | |
| | : | |
| Defendant | : | |

## COMPLAINT

### Parties

1.     Plaintiff, Greenwich Business Capital, LLC, formerly known as Ponte Investments, LLC ("GBC"), is a duly organized and existing Rhode Island limited liability company, having a principal place of business located at 1300 Division Road, Suite 305, West Warwick, Rhode Island, 02893.

2.     Upon information and belief, Defendant, Bank of America, N.A. ("BOA") is a duly organized national bank association that operates as a regulated and insured financial institution offering savings, checking and other accounts, mortgage and non-mortgage facilities, online banking, investment and other financial services, issues credit cards and extends business and/or personal loans. BOA has numerous branches throughout the State of Rhode Island, and is registered to transact business within Rhode Island, and routinely does so by and through its various banking platforms.

Case Number: KC-2023-0503
Filed in Kent County Superior Court
Submitted: 6/29/2023 5:36 AM
Envelope: 4262448
Reviewer: Danielle K.

Case Number: KC-2023-0503 Case 1:23-cv-00300-MSM-PAS Document 1-5 Filed 07/24/23 Page 2 of 50 PageID #: 49

Jurisdiction

3.      This Court has jurisdiction over this matter pursuant to R.I. Gen. Laws §§8-2-13, 8-2-14, and 9-1-30, *et seq.*, respectively.

Allegations Common To All Counts

4.      At all times relevant hereto, GBC was involved in the origination of potential applications for United States Small Business Administration ("SBA") loans, as well as a referring and/or acting as a direct funder of merchant cash advance facilities. At no time, has GBC ever modified its business model.

5.      Even more, at all times relevant hereto, GBC is a long-term client of BOA, in good standing, with several bank accounts titled in GBC's name, including Account Ending xxx 5571 (the "Account"). That said, at no time, did GBC ever use BOA for its automated clearing house ("ACH") transactions.

6.      In or about the Fall of 2022, Danielle Desrosiers ("Desrosiers"), a former employee of GBC, was an authorized signatory on GBC's accounts, including the Account. GBC's Sole Member/Manager, John C. Ponte ("Ponte") was similarly an authorized signatory on GBC accounts; however, at no time did Ponte ever have access to or otherwise access GBC accounts, including the Account. Desrosiers and another former GBC employee, Barbara Ferra ("Ferra") had exclusive access to GBC's accounts, including the Account.

7.      Beginning in or about October, 2022, without any corporate certificate or other authorization, Desrosiers and/or Ferra created or otherwise established a series of less than ten (10) per (business) day fictitious or fraudulent ACH debits or withdrawals from the Account to be processed through an ACH processor being utilized by GBC, *to wit*, VeriCheck, LLC, d/b/a ACH

Case Number: KC-2023-0503
Filed in Kent County Superior Court
Submitted: 6/28/2023 8:00 AM
Envelope: 4262448
Reviewer: Daniel K.

Case 1:23-cv-00308-JJM-PAS    Document 1    Filed 07/20/23    Page 3 of 10    PageID #: 50

Works ("ACH Works"). Desrosiers and/or Ferra attached a business name to each such transaction; however, any such business or business name labeling said transactions had no nexus or relationship to GBC. These ACH transactions served no legitimate business purpose given GBC well-established business course of conduct and dealing.

8.    The above-described transactions were not legitimate, but instead an effort on the part of Desrosiers and/or Ferra to conceal the fact that certain of GBC's clients were non-performing pursuant to their contractual obligations, and Desrosiers and/or Ferra endeavored to make it appear as though they were, in fact, performing.

9.    As such, the fictitious or fraudulent ACH transactions at issue were debited or withdrawn from the Account, cycled through ACH Works, and then redeposited in a GBC account only to then have the same paid out to a third-party. Simply put, the transactions were circular or "looping" in nature without purpose related to GBC or its business. The foregoing occurred without any corporate certificate or other authorization, and without the knowledge or approval of Ponte.

10.    Desrosiers and/or Ferra's unauthorized and fraudulent activity regarding the above-described ACH transactions significantly intensified subsequent to October, 2022, and by February, 2023, some sixty plus (60+) fictious or fraudulent ACH transactions per (business) day were originating from the account in an aggregate amount in excess of $20,000.00 per (business) day, which processed through ACH Works, then settled with GBC before being redirected to a third-party. Again, each of these transactions were labeled using different business names, none of which had any relation to GBC.

Case Number: KC-2023-0503
Filed in Kent County Superior Court
Submitted: 6/28/2023 8:59 PM
Envelope: 4262448
Reviewer: Daniel K.

Case 1:23-cv-00308-JBM-PAS   Document 1   Filed 07/24/23   Page 11 of 51 PageID #: 51

11.     Between October, 2022, and January, 2023, there was fictious or fraudulent ACH activity originated from the Account totaling $728,754.95.

12.     Further, in the ninety (90) day period between February, 2023, and April, 2023, there were in excess of two thousand (2,000) fictitious or fraudulent ACH transactions originating from the Account totaling $1,173,431.93.

13.     At no time did BOA appropriately monitor and "flag" or otherwise identify the disproportionately large number of transactions and highly unusual or suspicious ACH activity originating from the Account, particularly given that the same was wholly inconsistent with GBC's prior course of conduct and dealing through its accounts at BOA.

14.     Upon information and belief, BOA purports to be an leader in the banking community in advanced screening software that is supposed to readily identify suspicious patterns that are inconsistent with what its understands, or should understand, about its client - in this case GBC - pursuant to the strictures of the "Know Your Customer" guidelines under The Currency & Foreign Transactions Reporting Act of 1970 (the "Bank Secrecy Act"), as amended by Title III of the USA Patriot Act of 2001 and the Anti-Money Laundering Act of 2020, respectively.  BOA should have recognized the unexplained circular or "looping" nature of the ACH transactions given the volume, dollar amounts and fact that the same, on their face, had no legitimate business purpose *vis-à-vis* GBC, and, upon so doing, "blocked" any and all future such transactions pending verification from a duly authorized Member and/or Manager of GBC, which did not occur.

15.     Notwithstanding, BOA instead permitted thousands of fictitious or fraudulent ACH transactions originating from the Account over a nearly seven (7) month period totaling more than $1.9 Million.

Case Number: KC-2023-0503
Filed in Kent County Superior Court
Submitted: 6/28/2023 8:00 PM
Envelope: 4162478
Reviewer: Daniel K.

52

16.     Despite BOA's failings and/or shortcoming as described hereinabove, BOA continued to profit from its bank-client relationship with GBC during this same seven (7) month period by deriving fee and other income from GBC's accounts and related activity.

### Count I - Declaratory Judgment

17.     GBC reavers and realleges its allegations and averments as set forth in Paragraphs 1 through 16 above as if the same were set forth more fully herein, and, further, incorporates the same herein by reference.

18.     The rights, status and legal standing of the parties are governed by their course of conduct and dealing, R.I. Gen. Laws, common law and applicable case law, respectively.

19.     GBC reasonably relied upon the parties' course of conduct and dealing, the PA, R.I. Gen. Laws, common law and/or applicable case law, respectively.

WHEREFORE, GBC respectfully prays that this Court enter an order having the effect of a final judgment that provides as follows:

a.      A declaration, pursuant to R.I. Gen. Laws §9-30-1, *et seq.*, that BOA owes a duty to its bank clients, such as GBC, to appropriately monitor their respective account activity and identify or "flag" unusual and/or suspicious transactions that serve no legitimate purpose.

b.      A declaration, pursuant to R.I. Gen. Laws §9-30-1, *et seq.*, that BOA was negligent in failing to identify or "flag" the highly unusual or suspicious activity in the Account between October, 2022, and April, 2023, particularly given the extraordinary volume of transactions, aggregate

Case Number: KC-2023-0503
Filed in Kent County Superior Court
Submitted: 6/28/2023 8:59 PM
Envelope: 4262448
Reviewer: Danielle K.

Case 1:23-cv-00308-JJM-PAS Document 1 Filed 07/24/23 Page 13 of 51 PageID #: 53

amount sinvolved on a daily basis and circular or "looping" nature of said transactions.

c.     A declaration, pursuant to R.I. Gen. Laws §9-30-1, *et seq.*, that at no time did BOA ever provide notice to GBC of any noted or identified unusual or suspicious activity relative to the Account.

d.     A declaration, pursuant to R.I. Gen. Laws §9-30-1, *et seq.*, that BOA breached its fiduciary obligation to GBC as a client of BOA to appropriately and diligently monitor the Account.

e.     An award of punitive damages in favor of GBC, and against BOA, as a result of BOA's willful, wanton and intentionally wrongful conduct relative to the Account.

f.     An award to GBC of any and all costs and expenses incurred in the preparation and prosecution of the within Complaint, including without limitation any and all attorneys' fees.

g.     An award to GBC of such other further relief as this Court may deem fair, just and reasonable.

## Count II - Negligence

20.     GBC reavers and realleges its allegations and averments as set forth in Paragraphs 1 through 19 above as if the same were set forth more fully herein, and, further, incorporates the same herein by reference.

Case Number: KC-2023-0503
Filed in Kent County Superior Court
Submitted: 6/28/2023 8:00 PM
Envelope: 4262448
Reviewer: Danielle K.

Case 1:23-cv-00308-JJM-PAS   Document 1   Filed 07/24/23   Page 8 of 51 PageID #: 54

21.     BOA owed GBC a duty to act with care and diligence or otherwise refrain from acting negligently by properly monitoring the Account, including identifying any unusual or suspicious account activity.

22.     BOA breached its duty owed to GBC as BOA's client.

23.     GBC was directly damaged, harmed and/or injured as a result of BOA's action and/or inaction relative to the Account.

24.     As a direct and proximate result of BOA's negligent conduct, GBC has been, and continues to be, damaged, harmed and/or injured.

WHEREFORE, for the foregoing reasons GBC respectfully prays that this Court enter judgment in favor of GBC, and against BOA, in an amount to be proven at trial, together with legal interest thereon, that this Court award to GBC any and all costs and expenses incurred in the preparation and prosecution of the within Complaint, including with limitation any and all attorneys' fees, and that this Court award GBC such other further relief as this Court may deem fair, just and reasonable.

## Count III - Breach of Fiduciary Duty

25.     GBC reavers and realleges its allegations and averments as set forth in Paragraphs 1 through 24 above as if the same were set forth more fully herein, and, further, incorporates the same herein by reference.

26.     BOA owed and/or owes GBC a fiduciary duty of utmost loyalty, fidelity and care to act for GBC's benefit as a client of BOA, free from any abuse of fiduciary duty, in appropriately and diligently monitoring the activity of the Account.

27.     BOA breached its fiduciary duty to GBC.

Case Number: KC-2023-0503
Filed in Kent County Superior Court
Submitted: 6/28/2023 8:00 PM
Envelope: 4262448
Reviewer: Danielle K.

Case 1:23-cv-00308-JJM-PAS Document 1 Filed 07/24/23 Page 15 of 51 PageID #: 55

28. BOA's breach of its duty to GBC was willful, wanton and/or intentional.

29. As a direct and proximate result of BOA's breach of fiduciary duty owed to GBC, GBC has suffered, and continues to suffer, damages, losses and/or harm.

WHEREFORE, GBC respectfully prays that this Court enter judgment in favor of GBC, and against BOA, in an amount to be proven at trial, together with legal interest thereon, that this Court award to GBC punitive damages in amount sufficient to deter BOA's such future willful, wanton and/or intentional conduct, that this Court award to GBC any and all costs and expenses incurred in the preparation and prosecution of the within Complaint, including with limitation any and all attorneys' fees, and that this Court award to GBC such other further relief as this Court may deem fair, just and reasonable.

Respectfully submitted,

Greenwich Business Capital, LLC

By its Attorney,

/s/ Christopher M. Mulhearn
Christopher M. Mulhearn (#5188)
Law Office of Christopher M. Mulhearn, Inc.
1300 Division Road, Suite 304
West Warwick, RI 02893
Tel.: (401) 533-9330
Fax.: (401) 533-9333
Email: cmulhearn@mulhearnlawri.com

Date: June 22, 2023

Case Number: KC-2023-0503
Filed in Kent County Superior Court
Submitted: 7/25/2023 8:34 AM
Envelope: 4204473
Reviewer: Patrick K

# Exhibit B

## STATE OF RHODE ISLAND

KENT, S.C.                                              SUPERIOR COURT

GREENWICH BUSINESS CAPITAL,
LLC

       *Plaintiff,*                           C.A. NO. KC-2023-0503

v.

BANK OF AMERICA, N.A.

       *Defendant.*

### <u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>

NOTICE IS HEREBY GIVEN that on July 24, 2023, Defendant Bank of America, N.A. ("BOA") filed a Notice of Removal of this action in the United States District Court for the District of Rhode Island. A true and correct copy of the Notice of Removal so filed is attached hereto as Exhibit A.

PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. § 1446, the filing of such Notice of Removal in the United States District Court for the District of Rhode Island, together with the filing of a copy of this Notice with this Court, effects a removal of this action and this Court may proceed no further unless and until the case is remanded.

### <u>[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]</u>

Case Number: KC-2023-0503
Filed in Kent County Superior Court
Submitted: 7/25/2023 8:34 AM
Envelope: 4204473
Reviewer: Patrick K

Case 1:23-cv-00308-JJM-PAS Document 1 Filed 07/25/23 Page 18 of 51 PageID #: 58

By this Notice, BOA respectfully request a certified copy of all pleadings and the docket sheet.

> BANK OF AMERICA, N.A.,
>
> By its Attorney,
>
> _____
> Ryan M. Cunningham (R.I. Lic. # 9329)
> rmc@fitchlp.com
> FITCH LAW PARTNERS LLP
> 84 State Street
> Boston, MA 02109
> Phone: (617) 542-5542

Dated: July 25, 2023                Fax: (617) 542-1542

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of July, 2023, a copy of the foregoing NOTICE OF FILING OF NOTICE REMOVAL was filed and served through the electronic filing system on the following parties:

> Christopher M. Mulhearn, Esq.
> Law Office of Christopher M. Mulhearn, Inc.
> 1300 Division Road, Suite 304
> West Warwick, RI 02893

> _____
> Ryan M. Cunningham

Case Number: KC-2023-0503
Filed in Kent County Superior Court
Submitted: 7/25/2023 8:34 AM
Envelope: 4204473
Reviewer: Patrick K

Case 1:23-cv-00305-WES-PAS   Document 1   Filed 07/24/23   Page 19 of 51 PageID #: 59

# Exhibit A



STATE OF RHODE ISLAND AND     PROVIDENCE PLANTATIONS

## CIVIL CASE COVER SHEET – ELECTRONIC FILING

Pursuant to provisional Article X, Rule 1(f) of the Rhode Island Supreme Court Rules Governing Electronic Filing, a civil case cover sheet shall be filed with any case initiating document(s). The Plaintiff/Petitioner shall file a civil case cover sheet for each named party. The information is being requested for the purpose of ensuring accurate internal record keeping by the Rhode Island Judiciary. Once the information is entered into the case management system by the court, the document shall be sealed by the court and it shall not be available to the parties or the public due to the personal identifying information contained therein.

| COURT | County |
|---|---|
| ☑ Superior Court | ☐ Providence/Bristol County or Sixth Division |
| ☐ Family Court | ☐ Washington County or Fourth Division |
| ☐ District Court | ☑ Kent County or Third Division |
| ☐ Workers' Compensation Court | ☐ Newport County or Second Division |
| ☐ Rhode Island Traffic Tribunal | |

The Plaintiff/Petitioner shall fill in the Plaintiff/Petitioner party information, party information for the Defendant/Respondent to the best of the Plaintiff/Petitioner's knowledge, and the attorney information, if applicable, with the case initiating document(s) for each named party.

### PARTY INFORMATION FOR THE PLAINTIFF/PETITIONER

| NAME | Greenwich Business Capital, LLC | |
|---|---|---|
| ADDRESS | c/o Christopher M. Mulhearn, Esq., 1300 Division Road, Suite 304, West Warwick, RI 02893 | |
| SOCIAL SECURITY NUMBER* | TAXPAYER IDENTIFICATION NUMBER (TIN) OR EMPLOYER IDENTIFICATION NUMBER (EIN) | DATE OF BIRTH |
| TELEPHONE: (401) 533-9330 | EMAIL ADDRESS: cmulhearn@mulhearnlawri.com | |
| DRIVER'S LICENSE NUMBER AND STATE | ☑ Plaintiff/Petitioner is represented by counsel ☐ Plaintiff/Petitioner is self-represented | |
| COUNSEL FOR THE PLAINTIFF/PETITIONER Christopher M. Mulhearn, Esq., 1300 Division Road, Suite 304, West Warwick, RI 02893 | | |
| BAR NUMBER: #5188 | OFFICE TELEPHONE: (401) 533-9330 | |

* Optional

**CONFIDENTIAL**

PARTY INFORMATION FOR THE DEFENDANT/RESPONDENT

| NAME | Bank of America, N.A. | | |
|---|---|---|---|
| ADDRESS | 200 Main Street, East Greenwich, RI  02818 | | |
| SOCIAL SECURITY NUMBER* | TAXPAYER IDENTIFICATION NUMBER (TIN) OR EMPLOYER IDENTIFICATION NUMBER (EIN) | | DATE OF BIRTH |
| TELEPHONE: | EMAIL ADDRESS: | | |
| DRIVER'S LICENSE NUMBER AND STATE | ☐ Defendant/Respondent is represented by counsel<br>☑ Defendant/Respondent is self-represented | | |
| COUNSEL FOR THE DEFENDANT/RESPONDENT | | | |
| BAR NUMBER: | OFFICE TELEPHONE: | | |

\* Optional

| LANGUAGE INTERPRETER REQUEST | AMERICANS WITH DISABILITIES ACT (ADA) REQUEST | | | |
|---|---|---|---|---|
| ☐ Plaintiff/Petitioner<br><br>Language: | ☐ American Sign Language (ASL) Interpreter | ☐ Signed English | ☐ Oral | ☐ Certified Deaf Interpreter (CDI) |
| ☐ Defendant/Respondent<br><br>Language: | ☐ Assistive Listening Equipment: | | | |
| ☐ Witness/Victim/Parent<br><br>Language: | ☐ Visual Equipment or Accommodation: | | | |
| ☐ Other<br><br>Language: | ☐ Other Equipment or Services: | | | |

*This Civil Case Cover Sheet – Electronic Filing contains information to the best of my knowledge and was completed by:*

| Name: /s/ Christopher M. Mulhearn (#5188) | Date: June 22, 2023 |
|---|---|

**CONFIDENTIAL**

CC-10 (revised October 2014)                                        Page 2 of 2

Case Number: KC-2023-0503
Filed in Kent County Superior Court
Submitted: 7/25/2023 8:34 AM
Envelope: 4204473
Reviewer: Patrick K



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>KC-2023-0503 |
| **Plaintiff**<br>Greenwich Business Capital, LLC<br><br> v.<br>Bank of America, N.A.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Christopher M. Mulhearn |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>CHRISTOPHER M MULHEARN INC<br>1300 DIVISION ROAD - SUITE 304<br>WEST WARWICK RI  02893 |
| Noel Judicial Complex<br>Kent County<br>222 Quaker Lane<br>Warwick RI  02886<br>(401) 822-6900 | **Address of the Defendant**<br>No Known Address |

**TO THE DEFENDANT, Bank of America, N.A.:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 6/23/2023. | /s/ Danielle Keegan<br>Clerk |
|---|---|

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised November 2022)

Case Number: KC-2023-0503
Filed in Kent County Superior Court
Submitted: 7/25/2023 8:34 AM
Envelope: 4204473
Reviewer: Patrick K



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

| **Plaintiff**<br>Greenwich Business Capital, LLC<br> v.<br>Bank of America, N.A.<br>**Defendant** | **Civil Action File Number**<br>KC-2023-0503 |
| --- | --- |

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Bank of America, N.A., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised November 2022)



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
   Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
   Name of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____
   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

   _____

☐ I was unable to make service after the following reasonable attempts: _____
   _____

| SERVICE DATE: _____ / _____ / _____ | SERVICE FEE $ _____ |
|---|---|
| Month    Day    Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE



SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

 Signature

State of _____

County of _____

   On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

                              Notary Public: _____
                              My commission expires: _____
                              Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised November 2022)

Case Number: KC-2023-0503
Filed in Kent County Superior Court
Submitted: 6/28/2023 3:39 PM
Envelope: 4262448
Reviewer: Daniel K.

STATE OF RHODE ISLAND                    SUPERIOR COURT
KENT, SC.

| | |
|---|---|
| GREENWICH BUSINESS CAPITAL, LLC, | : |
| | : |
| | : |
| Plaintiff | : |
| | : |
| vs. | :    C.A. No.: KC 23- |
| BANK OF AMERICA, N.A., | : |
| | : |
| Defendant | : |

## COMPLAINT

### Parties

1.      Plaintiff, Greenwich Business Capital, LLC, formerly known as Ponte Investments,

LLC ("GBC"), is a duly organized and existing Rhode Island limited liability company, having a

principal place of business located at 1300 Division Road, Suite 305, West Warwick, Rhode

Island, 02893.

2.      Upon information and belief, Defendant, Bank of America, N.A. ("BOA") is a duly

organized national bank association that operates as a regulated and insured financial institution

offering savings, checking and other accounts, mortgage and non-mortgage facilities, online

banking, investment and other financial services, issues credit cards and extends business and/or

personal loans.  BOA has numerous branches throughout the State of Rhode Island, and is

registered to transact business within Rhode Island, and routinely does so by and through its

various banking platforms.

Case Number: KC-2023-0503
Filed in Kent County Superior Court
Submitted: 6/29/2023 3:39 PM
Envelope: 4202448
Reviewer: Danielle K.

Case 1:23-cv-00308-JJM-PAS   Document 1   Filed 07/24/23   Page 26 of 51 PageID #: 66

## Jurisdiction

3.      This Court has jurisdiction over this matter pursuant to R.I. Gen. Laws §§8-2-13, 8-2-14, and 9-1-30, *et seq.*, respectively.

## Allegations Common To All Counts

4.      At all times relevant hereto, GBC was involved in the origination of potential applications for United States Small Business Administration ("SBA") loans, as well as a referring and/or acting as a direct funder of merchant cash advance facilities. At no time, has GBC ever modified its business model.

5.      Even more, at all times relevant hereto, GBC is a long-term client of BOA, in good standing, with several bank accounts titled in GBC's name, including Account Ending xxx 5571 (the "Account"). That said, at no time, did GBC ever use BOA for its automated clearing house ("ACH") transactions.

6.      In or about the Fall of 2022, Danielle Desrosiers ("Desrosiers"), a former employee of GBC, was an authorized signatory on GBC's accounts, including the Account. GBC's Sole Member/Manager, John C. Ponte ("Ponte") was similarly an authorized signatory on GBC accounts; however, at no time did Ponte ever have access to or otherwise access GBC accounts, including the Account. Desrosiers and another former GBC employee, Barbara Ferra ("Ferra") had exclusive access to GBC's accounts, including the Account.

7.      Beginning in or about October, 2022, without any corporate certificate or other authorization, Desrosiers and/or Ferra created or otherwise established a series of less than ten (10) per (business) day fictitious or fraudulent ACH debits or withdrawals from the Account to be processed through an ACH processor being utilized by GBC, *to wit*, VeriCheck, LLC, d/b/a ACH

Case Number: KC-2023-0503
Filed in Kent County Superior Court
Submitted: 6/29/2023 3:59 PM
Envelope: 4262478
Reviewer: Danielle K.

Case 1:23-cv-00308-JJM-PAS   Document 8   Filed 07/24/23   Page 27 of 51 PageID #: 67

Works ("ACH Works"). Desrosiers and/or Ferra attached a business name to each such transaction; however, any such business or business name labeling said transactions had no nexus or relationship to GBC. These ACH transactions served no legitimate business purpose given GBC well-established business course of conduct and dealing.

8.      The above-described transactions were not legitimate, but instead an effort on the part of Desrosiers and/or Ferra to conceal the fact that certain of GBC's clients were non-performing pursuant to their contractual obligations, and Desrosiers and/or Ferra endeavored to make it appear as though they were, in fact, performing.

9.      As such, the fictitious or fraudulent ACH transactions at issue were debited or withdrawn from the Account, cycled through ACH Works, and then redeposited in a GBC account only to then have the same paid out to a third-party. Simply put, the transactions were circular or "looping" in nature without purpose related to GBC or its business. The foregoing occurred without any corporate certificate or other authorization, and without the knowledge or approval of Ponte.

10.     Desrosiers and/or Ferra's unauthorized and fraudulent activity regarding the above-described ACH transactions significantly intensified subsequent to October, 2022, and by February, 2023, some sixty plus (60+) fictious or fraudulent ACH transactions per (business) day were originating from the account in an aggregate amount in excess of $20,000.00 per (business) day, which processed through ACH Works, then settled with GBC before being redirected to a third-party. Again, each of these transactions were labeled using different business names, none of which had any relation to GBC.

Case Number: KC-2023-0503
Filed in Kent County Superior Court
Submitted: 6/28/2023 8:00 PM
Envelope: 4162478
Reviewer: Danielle K.

Case 1:23-cv-00300-JJM-PAS Document 1-5 Filed 07/24/23 Page 28 of 51 PageID #: 68

11.     Between October, 2022, and January, 2023, there was fictious or fraudulent ACH activity originated from the Account totaling $728,754.95.

12.     Further, in the ninety (90) day period between February, 2023, and April, 2023, there were in excess of two thousand (2,000) fictitious or fraudulent ACH transactions originating from the Account totaling $1,173,431.93.

13.     At no time did BOA appropriately monitor and "flag" or otherwise identify the disproportionately large number of transactions and highly unusual or suspicious ACH activity originating from the Account, particularly given that the same was wholly inconsistent with GBC's prior course of conduct and dealing through its accounts at BOA.

14.     Upon information and belief, BOA purports to be an leader in the banking community in advanced screening software that is supposed to readily identify suspicious patterns that are inconsistent with what its understands, or should understand, about its client - in this case GBC - pursuant to the strictures of the "Know Your Customer" guidelines under The Currency & Foreign Transactions Reporting Act of 1970 (the "Bank Secrecy Act"), as amended by Title III of the USA Patriot Act of 2001 and the Anti-Money Laundering Act of 2020, respectively.  BOA should have recognized the unexplained circular or "looping" nature of theACH transactions given the volume, dollar amounts and fact that the same, on their face, had no legitimate business purpose *vis-à-vis* GBC, and, upon so doing, "blocked" any and all future such transactions pending verification from a duly authorized Member and/or Manager of GBC, which did not occur.

15.     Notwithstanding, BOA instead permitted thousands of fictitious or fraudulent ACH transactions originating from the Account over a nearly seven (7) month period totaling more than $1.9 Million.

Case Number: KC-2023-0503
Filed in Kent County Superior Court
Submitted: 6/28/2023 8:00 PM
Envelope: 4208478
Reviewer: Danielle K.

Case 1:23-cv-00308-MSM-PAS  Document 1  Filed 07/24/23  Page 129 of 154 PageID #: 69

16.     Despite BOA's failings and/or shortcoming as described hereinabove, BOA continued to profit from its bank-client relationship with GBC during this same seven (7) month period by deriving fee and other income from GBC's accounts and related activity.

<u>Count I - Declaratory Judgment</u>

17.     GBC reavers and realleges its allegations and averments as set forth in Paragraphs 1 through 16 above as if the same were set forth more fully herein, and, further, incorporates the same herein by reference.

18.     The rights, status and legal standing of the parties are governed by their course of conduct and dealing, R.I. Gen. Laws, common law and applicable case law, respectively.

19.     GBC reasonably relied upon the parties' course of conduct and dealing, the PA, R.I. Gen. Laws, common law and/or applicable case law, respectively.

WHEREFORE, GBC respectfully prays that this Court enter an order having the effect of a final judgment that provides as follows:

a.     A declaration, pursuant to R.I. Gen. Laws §9-30-1, *et seq.*, that BOA owes a duty to its bank clients, such as GBC, to appropriately monitor their respective account activity and identify or "flag" unusual and/or suspicious transactions that serve no legitimate purpose.

b.     A declaration, pursuant to R.I. Gen. Laws §9-30-1, *et seq.*, that BOA was negligent in failing to identify or "flag" the highly unusual or suspicious activity in the Account between October, 2022, and April, 2023, particularly given the extraordinary volume of transactions, aggregate

Case Number: KC-2023-0503
Filed in Kent County Superior Court
Submitted: 6/28/2023 8:00 PM
Envelope: 4262478
Reviewer: Danielle K.
Case 1:23-cv-00308-MSM-PAS  Document 1  Filed 07/24/23  Page 30 of 51 PageID #: 70

amount sinvolved on a daily basis and circular or "looping" nature of said

transactions.

c.    A declaration, pursuant to R.I. Gen. Laws §9-30-1, *et seq.*, that at no time

did BOA ever provide notice to GBC of any noted or identified unusual or

suspicious activity relative to the Account.

d.    A declaration, pursuant to R.I. Gen. Laws §9-30-1, *et seq.*, that BOA

breached its fiduciary obligation to GBC as a client of BOA to

appropriately and diligently monitor the Account.

e.    An award of punitive damages in favor of GBC, and against BOA, as a

result of BOA's willful, wanton and intentionally wrongful conduct relative

to the Account.

f.    An award to GBC of any and all costs and expenses incurred in the

preparation and prosecution of the within Complaint, including without

limitation any and all attorneys' fees.

g.    An award to GBC of such other further relief as this Court may deem fair,

just and reasonable.

## Count II - Negligence

20.    GBC reavers and realleges its allegations and averments as set forth in Paragraphs 1

through 19 above as if the same were set forth more fully herein, and, further, incorporates the

same herein by reference.

Case Number: KC-2023-0503
Filed in Kent County Superior Court
Submitted: 6/29/2023 8:00 AM
Envelope: 4262478
Reviewer: Danielle K.

Case 1:23-cv-00308-MSM-PAS   Document 1   Filed 07/24/23   Page 31 of 51 PageID #: 71

21.     BOA owed GBC a duty to act with care and diligence or otherwise refrain from
acting negligently by properly monitoring the Account, including identifying any unusual or
suspicious account activity.

22.     BOA breached its duty owed to GBC as BOA's client.

23.     GBC was directly damaged, harmed and/or injured as a result of BOA's action
and/or inaction relative to the Account.

24.     As a direct and proximate result of BOA's negligent conduct, GBC has been, and
continues to be, damaged, harmed and/or injured.

WHEREFORE, for the foregoing reasons GBC respectfully prays that this Court
enter judgment in favor of GBC, and against BOA, in an amount to be proven at trial, together
with legal interest thereon, that this Court award to GBC any and all costs and expenses incurred
in the preparation and prosecution of the within Complaint, including with limitation any and all
attorneys' fees, and that this Court award GBC such other further relief as this Court may deem
fair, just and reasonable.

## Count III - Breach of Fiduciary Duty

25.     GBC reavers and realleges its allegations and averments as set forth in Paragraphs 1
through 24 above as if the same were set forth more fully herein, and, further, incorporates the
same herein by reference.

26.     BOA owed and/or owes GBC a fiduciary duty of utmost loyalty, fidelity and care to
act for GBC's benefit as a client of BOA, free from any abuse of fiduciary duty, in appropriately
and diligently monitoring the activity of the Account.

27.     BOA breached its fiduciary duty to GBC.

Case Number: KC-2023-0503
Filed in Kent County Superior Court
Submitted: 6/28/2023 8:00 PM
Envelope: 4262478
Reviewer: Danielle K.

Case 1:23-cv-00300-MSM-PAS  Document 1  Filed 07/24/23  Page 32 of 51 PageID #: 72

28.    BOA's breach of its duty to GBC was willful, wanton and/or intentional.

29.    As a direct and proximate result of BOA's breach of fiduciary duty owed to GBC,

GBC has suffered, and continues to suffer, damages, losses and/or harm.

WHEREFORE, GBC respectfully prays that this Court enter judgment in favor of GBC,

and against BOA, in an amount to be proven at trial, together with legal interest thereon, that this

Court award to GBC punitive damages in amount sufficient to deter BOA's such future willful,

wanton and/or intentional conduct, that this Court award to GBC any and all costs and expenses

incurred in the preparation and prosecution of the within Complaint, including with limitation

any and all attorneys' fees, and that this Court award to GBC such other further relief as this

Court may deem fair, just and reasonable.

Respectfully submitted,

Greenwich Business Capital, LLC

By its Attorney,

/s/ Christopher M. Mulhearn
Christopher M. Mulhearn (#5188)
Law Office of Christopher M. Mulhearn, Inc.
1300 Division Road, Suite 304
West Warwick, RI 02893
Tel.: (401) 533-9330
Fax.: (401) 533-9333
Email: cmulhearn@mulhearnlawri.com

Date: June 22, 2023

Case Number: KC-2023-0503
Filed in Kent County Superior Court
Submitted: 7/25/2023 8:34 AM
Envelope: 4204473
Reviewer: Patrick K.
Case 1:23-cv-00308-JJM-PAS   Document 1-1   Filed 07/25/23   Page 33 of 51 PageID #: 33

# CIVIL COVER SHEET

This cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

GREENWICH BUSINESS CAPITAL, LLC

**(b)**  County of Residence of First Listed Plaintiff    Kent County, RI
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*
Christopher M . Mulhearn, Esq.; Law Office of Christopher M. Mulhearn, Inc.
1300 Division Road, Suite 304, West Warwick, RI 02893; (401) 533-9330;
cmulhearn@mulhearnlawri.com

## DEFENDANTS

BANK OF AMERICA, N.A.

County of Residence of First Listed Defendant    Mecklenburg County, NC
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Ryan M. Cunningham, Esq.; Fitch Law Partners LLP;
84 State Street, Boston, MA 02109; (617) 542-5542; rmc@fitchlp.com

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government
  Plaintiff
- ☐ 2   U.S. Government
  Defendant
- ☐ 3   Federal Question
  *(U.S. Government Not a Party)*
- ☒ 4   Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☒ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1   Original
  Proceeding
- ☒ 2   Removed from
  State Court
- ☐ 3   Remanded from
  Appellate Court
- ☐ 4   Reinstated or
  Reopened
- ☐ 5   Transferred from
  Another District
  *(specify)*
- ☐ 6   Multidistrict
  Litigation -
  Transfer
- ☐ 8   Multidistrict
  Litigation -
  Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1332, 1441, and 1446

Brief description of cause:
Causes of action for declaratory judgment, negligence, and breach of fiduciary duty.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 7/24/2023 | /s/ Ryan M. Cunningham |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**    **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Case Number: KC-2023-0503
Filed in Kent County Superior Court
Submitted: 7/25/2023 8:34 AM
Envelope: 4204473
Reviewer: Patrick K

## STATE OF RHODE ISLAND

KENT, S.C.                                                                    SUPERIOR COURT

GREENWICH BUSINESS CAPITAL,
LLC                                                       C.A. NO. KC-2023-0503

            *Plaintiff,*

v.

BANK OF AMERICA, N.A.

            *Defendant.*

## NOTICE OF FILING OF NOTICE OF REMOVAL

NOTICE IS HEREBY GIVEN that on July 24, 2023, Defendant Bank of America, N.A. ("BOA") filed a Notice of Removal of this action in the United States District Court for the District of Rhode Island. A true and correct copy of the Notice of Removal so filed is attached hereto as Exhibit A.

PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. § 1446, the filing of such Notice of Removal in the United States District Court for the District of Rhode Island, together with the filing of a copy of this Notice with this Court, effects a removal of this action and this Court may proceed no further unless and until the case is remanded.

## [THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

Case Number: KC-2023-0503
Filed in Kent County Superior Court
Submitted: 7/25/2023 8:34 AM
Envelope: 4204473
Reviewer: Patrick K

Case 1:23-cv-00308-MSM-PAS    Document 5    Filed 07/25/23    Page 36 of 51 PageID #: 76

By this Notice, BOA respectfully request a certified copy of all pleadings and the docket sheet.

BANK OF AMERICA, N.A.,

By its Attorney,

*/s/ Ryan M. Cunningham*
Ryan M. Cunningham (R.I. Lic. # 9329)
rmc@fitchlp.com
FITCH LAW PARTNERS LLP
84 State Street
Boston, MA 02109
Phone: (617) 542-5542
Fax: (617) 542-1542

Dated: July 25, 2023

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of July, 2023, a copy of the foregoing NOTICE OF FILING OF NOTICE REMOVAL was filed and served through the electronic filing system on the following parties:

Christopher M. Mulhearn, Esq.
Law Office of Christopher M. Mulhearn, Inc.
1300 Division Road, Suite 304
West Warwick, RI 02893

*/s/ Ryan M. Cunningham*
Ryan M. Cunningham

2

# SC DOCKET SHEET
## CASE NO. KC-2023-0503

| | | | |
|---|---|---|---|
| Greenwich Business Capital, LLC | § | Location: | **Kent County Superior Court** |
| v. | § | Filed on: | **06/22/2023** |
| Bank of America, N.A. | § | US District Court Case Number: | **1:23-cv-00308** |
| | § | | |
| | § | | |

---

### CASE INFORMATION

**Statistical Closures**
07/25/2023    Closed-Non Trial-Unassigned-Removed to Federal Court

Case Type: **Declaratory Judgment**

Case Status: **07/25/2023    Closed**

---

| DATE | CASE ASSIGNMENT |
|---|---|
| | **Current Case Assignment** |
| | Case Number    KC-2023-0503 |
| | Court          Kent County Superior Court |
| | Date Assigned  06/22/2023 |

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **Greenwich Business Capital, LLC** | **MULHEARN, CHRISTOPHER M.** |
| | | *Retained* |
| | | 4015339330(W) |
| **Defendant** | **Bank of America, N.A.** | |

---

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|
| 07/25/2023 | Closed-Non Trial-Unassigned-Removed to Federal Court |
| 07/25/2023 | Case Removed to US District Court |
| 07/25/2023 | Notice of Removal |
| | *Notice of Filing of Notice of Removal* |
| 06/23/2023 | Summons |
| 06/22/2023 | Complaint Filed |
| | *Complaint* |

*Printed on 07/25/2023 at 9:47 AM*



## STATE OF RHODE ISLAND
## AND PROVIDENCE PLANTATIONS

### CLERK'S CERTIFICATE AND TRANSMITTAL OF THE RECORD

**Case Information**

Case Caption: Greenwich Business Capital, LLC   vs.   Bank of America N.A.

Federal Court Case No. 1:23-cv-00308    State Court Case No. KC-2023-0503

**Record Information**

Confidential:         Yes ☐    No ☑    Description: _____

Sealed documents:     Yes ☐    No ☑    Description: _____

**Certification**

I, Lindsay Zuercher _____, Clerk of the Rhode Island Superior Court for the County of

Kent _____ do certify that the attached documents are all the documents

included in the record in the above referenced case.

Date: Jul/25/2023

Clerk:
/s/ Danielle Keegan

Prepared by:
/s/ Lindsay Zuercher



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>KC-2023-0503 |
| **Plaintiff**<br>Greenwich Business Capital, LLC<br> v.<br>Bank of America, N.A.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Christopher M. Mulhearn |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>CHRISTOPHER M MULHEARN INC<br>1300 DIVISION ROAD - SUITE 304<br>WEST WARWICK RI  02893 |
| Noel Judicial Complex<br>Kent County<br>222 Quaker Lane<br>Warwick RI  02886<br>(401) 822-6900 | **Address of the Defendant**<br>No Known Address |

**TO THE DEFENDANT, Bank of America, N.A.:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 6/23/2023. | /s/ Danielle Keegan<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised November 2022)



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

| **Plaintiff** | **Civil Action File Number** |
|---|---|
| Greenwich Business Capital, LLC | KC-2023-0503 |
| v. | |
| Bank of America, N.A. | |
| **Defendant** | |

## PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Bank of America, N.A., by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2



# STATE OF RHODE ISLAND JUDICIARY

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
☐ By delivering said papers to an officer or a managing or general agent.
   Name of person and designation _____
☐ By leaving said papers at the office of the corporation with a person employed therein.
   Name of person and designation _____
☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

| SERVICE DATE: _____ / _____ / _____ | SERVICE FEE $ _____ |
| Month   Day   Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE



SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
 Signature

State of _____

County of _____

   On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

                   Notary Public: _____
                   My commission expires: _____
                   Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised November 2022)

Case Number: KC-2023-0503
Filed in Kent County Superior Court
Submitted: 6/22/2023 2:00 PM
Envelope: 4162448
Reviewer: Danielle K.

1:23-cv-00308-MSM-PAS    Document 5    Filed 07/25/23    Page 42 of 51 PageID #: 82

STATE OF RHODE ISLAND                    SUPERIOR COURT
KENT, SC.

---

GREENWICH BUSINESS CAPITAL,    :
LLC,                           :
                               :
            Plaintiff          :
                               :
    vs.                        :        C.A. No.: KC 23-
BANK OF AMERICA, N.A.,         :
                               :
            Defendant          :

---

## COMPLAINT

### Parties

1.     Plaintiff, Greenwich Business Capital, LLC, formerly known as Ponte Investments,

LLC ("GBC"), is a duly organized and existing Rhode Island limited liability company, having a

principal place of business located at 1300 Division Road, Suite 305, West Warwick, Rhode

Island, 02893.

2.     Upon information and belief, Defendant, Bank of America, N.A. ("BOA") is a duly

organized national bank association that operates as a regulated and insured financial institution

offering savings, checking and other accounts, mortgage and non-mortgage facilities, online

banking, investment and other financial services, issues credit cards and extends business and/or

personal loans.  BOA has numerous branches throughout the State of Rhode Island, and is

registered to transact business within Rhode Island, and routinely does so by and through its

various banking platforms.

<u>Jurisdiction</u>

3.      This Court has jurisdiction over this matter pursuant to R.I. Gen. Laws §§8-2-13, 8-2-14, and 9-1-30, *et seq.*, respectively.

<u>Allegations Common To All Counts</u>

4.      At all times relevant hereto, GBC was involved in the origination of potential applications for United States Small Business Administration ("SBA") loans, as well as a referring and/or acting as a direct funder of merchant cash advance facilities.  At no time, has GBC ever modified its business model.

5.      Even more, at all times relevant hereto, GBC is a long-term client of BOA, in good standing, with several bank accounts titled in GBC's name, including Account Ending xxx 5571 (the "Account").  That said, at no time, did GBC ever use BOA for its automated clearing house ("ACH") transactions.

6.      In or about the Fall of 2022, Danielle Desrosiers ("Desrosiers"), a former employee of GBC, was an authorized signatory on GBC's accounts, including the Account.  GBC's Sole Member/Manager, John C. Ponte ("Ponte") was similarly an authorized signatory on GBC accounts; however, at no time did Ponte ever have access to or otherwise access GBC accounts, including the Account.  Desrosiers and another former GBC employee, Barbara Ferra ("Ferra") had exclusive access to GBC's accounts, including the Account.

7.      Beginning in or about October, 2022, without any corporate certificate or other authorization, Desrosiers and/or Ferra created or otherwise established a series of less than ten (10) per (business) day fictitious or fraudulent ACH debits or withdrawals from the Account to be processed through an ACH processor being utilized by GBC, *to wit*, VeriCheck, LLC, d/b/a ACH

Case Number: KC-2023-0503
Filed in Kent County Superior Court
Submitted: 6/22/2023 2:00 PM
Envelope: 4162448
Reviewer: Danielle K.

Case 1:23-cv-00308-MSM-PAS    Document 5    Filed 07/25/23    Page 44 of 51 PageID #: 84

Works ("ACH Works"). Desrosiers and/or Ferra attached a business name to each such transaction; however, any such business or business name labeling said transactions had no nexus or relationship to GBC. These ACH transactions served no legitimate business purpose given GBC well-established business course of conduct and dealing.

8.      The above-described transactions were not legitimate, but instead an effort on the part of Desrosiers and/or Ferra to conceal the fact that certain of GBC's clients were non-performing pursuant to their contractual obligations, and Desrosiers and/or Ferra endeavored to make it appear as though they were, in fact, performing.

9.      As such, the fictitious or fraudulent ACH transactions at issue were debited or withdrawn from the Account, cycled through ACH Works, and then redeposited in a GBC account only to then have the same paid out to a third-party. Simply put, the transactions were circular or "looping" in nature without purpose related to GBC or its business. The foregoing occurred without any corporate certificate or other authorization, and without the knowledge or approval of Ponte.

10.     Desrosiers and/or Ferra's unauthorized and fraudulent activity regarding the above-described ACH transactions significantly intensified subsequent to October, 2022, and by February, 2023, some sixty plus (60+) fictious or fraudulent ACH transactions per (business) day were originating from the account in an aggregate amount in excess of $20,000.00 per (business) day, which processed through ACH Works, then settled with GBC before being redirected to a third-party. Again, each of these transactions were labeled using different business names, none of which had any relation to GBC.

Case Number: KC-2023-0503
Filed in Kent County Superior Court
Submitted: 6/22/2023 2:00 PM
Envelope: 4162448
Reviewer: Danielle K.

1:23-cv-00308-MSM-PAS    Document 5    Filed 07/25/23    Page 45 of 51 PageID #: 85

11.     Between October, 2022, and January, 2023, there was fictious or fraudulent ACH activity originated from the Account totaling $728,754.95.

12.     Further, in the ninety (90) day period between February, 2023, and April, 2023, there were in excess of two thousand (2,000) fictitious or fraudulent ACH transactions originating from the Account totaling $1,173,431.93.

13.     At no time did BOA appropriately monitor and "flag" or otherwise identify the disproportionately large number of transactions and highly unusual or suspicious ACH activity originating from the Account, particularly given that the same was wholly inconsistent with GBC's prior course of conduct and dealing through its accounts at BOA.

14.     Upon information and belief, BOA purports to be an leader in the banking community in advanced screening software that is supposed to readily identify suspicious patterns that are inconsistent with what its understands, or should understand, about its client - in this case GBC - pursuant to the strictures of the "Know Your Customer" guidelines under The Currency & Foreign Transactions Reporting Act of 1970 (the "Bank Secrecy Act"), as amended by Title III of the USA Patriot Act of 2001 and the Anti-Money Laundering Act of 2020, respectively.  BOA should have recognized the unexplained circular or "looping" nature of theACH transactions given the volume, dollar amounts and fact that the same, on their face, had no legitimate business purpose *vis-à-vis* GBC, and, upon so doing, "blocked" any and all future such transactions pending verification from a duly authorized Member and/or Manager of GBC, which did not occur.

15.     Notwithstanding, BOA instead permitted thousands of fictitious or fraudulent ACH transactions originating from the Account over a nearly seven (7) month period totaling more than $1.9 Million.

Case Number: KC-2023-0503
Filed in Kent County Superior Court
Submitted: 6/22/2023 2:00 PM
Envelope: 4162448
Reviewer: Danielle K.

Case 1:23-cv-00308-MSM-PAS    Document 5    Filed 07/25/23    Page 46 of 51 PageID #: 86

16.     Despite BOA's failings and/or shortcoming as described hereinabove, BOA continued to profit from its bank-client relationship with GBC during this same seven (7) month period by deriving fee and other income from GBC's accounts and related activity.

## Count I - Declaratory Judgment

17.     GBC reavers and realleges its allegations and averments as set forth in Paragraphs 1 through 16 above as if the same were set forth more fully herein, and, further, incorporates the same herein by reference.

18.     The rights, status and legal standing of the parties are governed by their course of conduct and dealing, R.I. Gen. Laws, common law and applicable case law, respectively.

19.     GBC reasonably relied upon the parties' course of conduct and dealing, the PA, R.I. Gen. Laws, common law and/or applicable case law, respectively.

WHEREFORE, GBC respectfully prays that this Court enter an order having the effect of a final judgment that provides as follows:

a.      A declaration, pursuant to R.I. Gen. Laws §9-30-1, *et seq.*, that BOA owes a duty to its bank clients, such as GBC, to appropriately monitor their respective account activity and identify or "flag" unusual and/or suspicious transactions that serve no legitimate purpose.

b.      A declaration, pursuant to R.I. Gen. Laws §9-30-1, *et seq.*, that BOA was negligent in failing to identify or "flag" the highly unusual or suspicious activity in the Account between October, 2022, and April, 2023, particularly given the extraordinary volume of transactions, aggregate

Case Number: KC-2023-0503
Filed in Kent County Superior Court
Submitted: 6/22/2023 2:00 PM
Envelope: 4162448
Reviewer: Danielle K.

Case 1:23-cv-00308-MSM-PAS    Document 5    Filed 07/25/23    Page 47 of 51 PageID #: 87

amount sinvolved on a daily basis and circular or "looping" nature of said transactions.

c.    A declaration, pursuant to R.I. Gen. Laws §9-30-1, *et seq.*, that at no time did BOA ever provide notice to GBC of any noted or identified unusual or suspicious activity relative to the Account.

d.    A declaration, pursuant to R.I. Gen. Laws §9-30-1, *et seq.*, that BOA breached its fiduciary obligation to GBC as a client of BOA to appropriately and diligently monitor the Account.

e.    An award of punitive damages in favor of GBC, and against BOA, as a result of BOA's willful, wanton and intentionally wrongful conduct relative to the Account.

f.    An award to GBC of any and all costs and expenses incurred in the preparation and prosecution of the within Complaint, including without limitation any and all attorneys' fees.

g.    An award to GBC of such other further relief as this Court may deem fair, just and reasonable.

## Count II - Negligence

20.    GBC reavers and realleges its allegations and averments as set forth in Paragraphs 1 through 19 above as if the same were set forth more fully herein, and, further, incorporates the same herein by reference.

Case Number: KC-2023-0503
Filed in Kent County Superior Court
Submitted: 6/22/2023 2:00 PM
Envelope: 4162448
Reviewer: Danielle K.

1:23-cv-00308-MSM-PAS    Document 5    Filed 07/25/23    Page 48 of 51 PageID #:
88

21.     BOA owed GBC a duty to act with care and diligence or otherwise refrain from acting negligently by properly monitoring the Account, including identifying any unusual or suspicious account activity.

22.     BOA breached its duty owed to GBC as BOA's client.

23.     GBC was directly damaged, harmed and/or injured as a result of BOA's action and/or inaction relative to the Account.

24.     As a direct and proximate result of BOA's negligent conduct, GBC has been, and continues to be, damaged, harmed and/or injured.

WHEREFORE, for the foregoing reasons GBC respectfully prays that this Court enter judgment in favor of GBC, and against BOA, in an amount to be proven at trial, together with legal interest thereon, that this Court award to GBC any and all costs and expenses incurred in the preparation and prosecution of the within Complaint, including with limitation any and all attorneys' fees, and that this Court award GBC such other further relief as this Court may deem fair, just and reasonable.

### Count III - Breach of Fiduciary Duty

25.     GBC reavers and realleges its allegations and averments as set forth in Paragraphs 1 through 24 above as if the same were set forth more fully herein, and, further, incorporates the same herein by reference.

26.     BOA owed and/or owes GBC a fiduciary duty of utmost loyalty, fidelity and care to act for GBC's benefit as a client of BOA, free from any abuse of fiduciary duty, in appropriately and diligently monitoring the activity of the Account.

27.     BOA breached its fiduciary duty to GBC.

28.    BOA's breach of its duty to GBC was willful, wanton and/or intentional.

29.    As a direct and proximate result of BOA's breach of fiduciary duty owed to GBC, GBC has suffered, and continues to suffer, damages, losses and/or harm.

WHEREFORE, GBC respectfully prays that this Court enter judgment in favor of GBC, and against BOA, in an amount to be proven at trial, together with legal interest thereon, that this Court award to GBC punitive damages in amount sufficient to deter BOA's such future willful, wanton and/or intentional conduct, that this Court award to GBC any and all costs and expenses incurred in the preparation and prosecution of the within Complaint, including with limitation any and all attorneys' fees, and that this Court award to GBC such other further relief as this Court may deem fair, just and reasonable.

Respectfully submitted,

Greenwich Business Capital, LLC

By its Attorney,

/s/ Christopher M. Mulhearn
Christopher M. Mulhearn (#5188)
Law Office of Christopher M. Mulhearn, Inc.
1300 Division Road, Suite 304
West Warwick, RI  02893
Tel.: (401) 533-9330
Fax: (401) 533-9333
Email: cmulhearn@mulhearnlawri.com

Date: June 22, 2023

Case Number: KC-2023-0503
Filed in Kent County Superior Court
Submitted: 6/22/2023 2:00 PM
Envelope: 4162448
Reviewer: Danielle K.

Case 1:23-cv-00308-MSM-PAS    Document 5    Filed 07/25/23    Page 50 of 51 PageID #: 90



STATE OF RHODE ISLAND AND                    PROVIDENCE PLANTATIONS

## CIVIL CASE COVER SHEET – ELECTRONIC FILING

     Pursuant to provisional Article X, Rule 1(f) of the Rhode Island Supreme Court Rules Governing Electronic Filing, a civil case cover sheet shall be filed with any case initiating document(s). The Plaintiff/Petitioner shall file a civil case cover sheet for each named party. The information is being requested for the purpose of ensuring accurate internal record keeping by the Rhode Island Judiciary. Once the information is entered into the case management system by the court, the document shall be sealed by the court and it shall not be available to the parties or the public due to the personal identifying information contained therein.

| COURT | County |
|---|---|
| ☑ Superior Court | ☐ Providence/Bristol County or Sixth Division |
| ☐ Family Court | ☐ Washington County or Fourth Division |
| ☐ District Court | ☑ Kent County or Third Division |
| ☐ Workers' Compensation Court | ☐ Newport County or Second Division |
| ☐ Rhode Island Traffic Tribunal | |

     The Plaintiff/Petitioner shall fill in the Plaintiff/Petitioner party information, party information for the Defendant/Respondent to the best of the Plaintiff/Petitioner's knowledge, and the attorney information, if applicable, with the case initiating document(s) for each named party.

## PARTY INFORMATION FOR THE PLAINTIFF/PETITIONER

| NAME | Greenwich Business Capital, LLC | | |
|---|---|---|---|
| ADDRESS | c/o Christopher M. Mulhearn, Esq., 1300 Division Road, Suite 304, West Warwick, RI 02893 | | |
| SOCIAL SECURITY NUMBER* | TAXPAYER IDENTIFICATION NUMBER (TIN) OR EMPLOYER IDENTIFICATION NUMBER (EIN) | | DATE OF BIRTH |
| TELEPHONE:  (401) 533-9330 | EMAIL ADDRESS: cmulhearn@mulhearnlawri.com | | |
| DRIVER'S LICENSE NUMBER AND STATE | ☑ Plaintiff/Petitioner is represented by counsel ☐ Plaintiff/Petitioner is self-represented | | |
| COUNSEL FOR THE PLAINTIFF/PETITIONER Christopher M. Mulhearn, Esq., 1300 Division Road, Suite 304, West Warwick, RI 02893 | | | |
| BAR NUMBER: #5188 | OFFICE TELEPHONE: (401) 533-9330 | | |

\* Optional

**CONFIDENTIAL**

CC-10 (revised October 2014)                                        Page 1 of 2

Case Number: KC-2023-0503
Filed in Kent County Superior Court
Submitted: 6/22/2023 2:00 PM
Envelope: 4162448
Reviewer: Danielle K.

Case 1:23-cv-00308-MSM-PAS    Document 5    Filed 07/25/23    Page 51 of 51 PageID #: 91

## PARTY INFORMATION FOR THE DEFENDANT/RESPONDENT

| NAME | Bank of America, N.A. | |
|---|---|---|
| ADDRESS | 200 Main Street, East Greenwich, RI  02818 | |
| SOCIAL SECURITY NUMBER* | TAXPAYER IDENTIFICATION NUMBER (TIN) OR EMPLOYER IDENTIFICATION NUMBER (EIN) | DATE OF BIRTH |
| TELEPHONE: | EMAIL ADDRESS: | |
| DRIVER'S LICENSE NUMBER AND STATE | ☐ Defendant/Respondent is represented by counsel<br>☑ Defendant/Respondent is self-represented | |
| COUNSEL FOR THE DEFENDANT/RESPONDENT | | |
| BAR NUMBER: | OFFICE TELEPHONE: | |

\* Optional

| LANGUAGE INTERPRETER REQUEST | AMERICANS WITH DISABILITIES ACT (ADA) REQUEST | | | |
|---|---|---|---|---|
| ☐ Plaintiff/Petitioner<br><br>Language: | ☐ American Sign Language (ASL) Interpreter | ☐ Signed English | ☐ Oral | ☐ Certified Deaf Interpreter (CDI) |
| ☐ Defendant/Respondent<br><br>Language: | ☐ Assistive Listening Equipment: | | | |
| ☐ Witness/Victim/Parent<br><br>Language: | ☐ Visual Equipment or Accommodation: | | | |
| ☐ Other<br><br>Language: | ☐ Other Equipment or Services: | | | |

*This Civil Case Cover Sheet – Electronic Filing contains information to the best of my knowledge and was completed by:*

| Name: /s/ Christopher M. Mulhearn (#5188) | Date:  June 22, 2023 |
|---|---|

**CONFIDENTIAL**